UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RYAN MUMME, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 1:17-cr-00171-NT |
| | ) | 1:21-cv-00183-NT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 150; Supplemental Motion, ECF No. 156.)[1] Following a guilty plea, Petitioner was convicted of possessing child pornography; the Court sentenced Petitioner to ninety-six months in prison and a lifetime of supervised release. (Judgment, ECF No. 127.)

Petitioner asserts several grounds for relief, including that his attorney provided ineffective assistance of counsel during his suppression hearing and at the plea stage. The Government requests dismissal. (Response, ECF No. 161.)

Following a review of the record and after consideration of Petitioner's motions and the Government's request for dismissal, I recommend the Court grant the Government's request, deny Petitioner's request for relief, and dismiss Petitioner's motions.

---

[1] Petitioner filed a motion seeking to have all the evidence declared inadmissible and to have the case against him dismissed with prejudice. (Motion, ECF No. 156.) Because there is no independent basis for such a postconviction motion, I have construed that filing as supplemental arguments in support of the relevant § 2255 claims and refer to that motion as such in this order.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In December 2017, Petitioner was indicted for possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5)(b). (Indictment, ECF No. 2.) Petitioner subsequently filed a motion to suppress certain evidence. (ECF No. 29.) The Court held a hearing on the motion in May 2018. (Minute Entry, ECF No. 46.) The evidence at the suppression hearing, including law enforcement testimony and an audio recording and transcript of the exchange between law enforcement and Petitioner, revealed that three officers went to interview Petitioner at his residence in August 2015 in connection with their investigation of money Petitioner had wired to a person in the Philippines accused of producing child pornography. (Suppression Order at 1–3; ECF No. 53.) While the officers were speaking with Petitioner's father, Petitioner arrived in his vehicle and parked nearby. (*Id.* at 2–3.) Petitioner initially denied having viewed child pornography and refused to give the officers his computer, but he ultimately gave the officers permission to enter the home to obtain his computer and admitted that a search of the device would reveal child pornography on the hard drive. (*Id.* at 4–6.) In June 2018, the Court denied the motion to suppress the evidence of Petitioner's statements and the evidence obtained as the result of Petitioner's interaction with law enforcement. (Suppression Order at 15.)

Later that month, Petitioner entered a guilty plea conditional on his right to appeal from the Court's ruling on the motion to suppress. (Change of Plea Hearing, ECF No. 58; Conditional Plea, ECF No. 59.) In December 2018, Petitioner filed a motion to withdraw his guilty plea primarily because he was dissatisfied with his attorney's performance at the

suppression hearing. (Motion to Withdraw Guilty Plea, ECF No. 76.) The Court held a hearing on the motion in February 2019, and at the hearing, Petitioner withdrew the motion to withdraw his guilty plea. (Minute Entry, ECF No. 85; Oral Withdrawal of Motion, ECF No. 86.) In April 2019, Petitioner renewed his motion to withdraw his guilty plea, (ECF No. 93), which the Court denied in May 2019. (Order, ECF No. 95). Petitioner's attorney subsequently withdrew as counsel and was replaced with a new attorney. (Motion to Withdraw, ECF No. 99; Order Granting Motion to Withdraw, ECF No. 115.)

In September 2019, the Court sentenced Petitioner to ninety-six months in prison to be followed by a lifetime of supervised release. (Judgment, ECF No. 127.) The First Circuit affirmed in January 2021. *United States v. Mumme*, 985 F.3d 25 (1st Cir. 2021). Petitioner subsequently filed a § 2255 motion and a supplemental motion. (Motion, ECF No. 150; Supplemental Motion, ECF No. 156.)

## DISCUSSION

**A.     Legal Standards**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

"[P]ro se habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*,

3

429 U.S. 97, 106 (1976)).  The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief.  *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978).  When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing."  *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal.  *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence."  *Berthoff*, 308 F.3d at 127–28. Procedural default is an affirmative defense.  *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010).  The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte*."  *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if a petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness."  *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  A petitioner must

4

also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145

(1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

## B.     Fourth Amendment Claims

Petitioner reasserts his Fourth Amendment challenge to the conduct of the officers when interviewing him and speaking with his father. Because Petitioner had a full and fair opportunity to litigate the issues at trial and on appeal, however, the claims are not cognizable on postconviction review given the limitations on the scope of the Fourth Amendment exclusionary rule as articulated by the Supreme Court in *Stone v. Powell*, 428 U.S. 465 (1976). *See Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013) (concluding that "free-standing Fourth Amendment claims cannot be raised in collateral proceedings under either § 2254 or § 2255"); *Brock v. United States*, 573 F.3d 497, 500 (7th Cir. 2009) ("This Court has determined that the principles of *Stone* apply equally to § 2255 motions"); *United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993) ("Fourth Amendment violations are not reviewable in a § 2255 motion when the federal prisoner has had a full and fair opportunity to litigate the Fourth Amendment claim"); *United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir. 1980) (same); *Arroyo v. United States*, 195 F.3d 54, 54–55

& n.1 (1st Cir. 1999) (noting that "[t]he Supreme Court has hinted that *Stone v. Powell* applies to section 2255 petitions" but declining to resolve the issue).[2]

### C.     *Miranda* **Claims**

"Under the familiar rule of *Miranda v. Arizona*, [384 U.S. 436, 444 (1966)], a suspect who is subject to 'custodial interrogation' must first be informed of his Fifth Amendment privilege against self-incrimination and his right to an attorney to safeguard that privilege," or any evidence impermissibly gathered must be excluded at trial. *Rivera v. Thompson*, 879 F.3d 7, 13 (1st Cir. 2018). Petitioner challenges the Court's decision not to suppress his statements made during the encounter with police. His *Miranda* arguments fail because he procedurally defaulted the claims when he failed to raise them during his appeal. *See Mumme*, 985 F.3d at 35 n.5 (noting that Petitioner waived his *Miranda* claims by failing to adequately raise and argue them); *Berthoff*, 308 F.3d at 127–28 (discussing procedural default from failure to raise an argument on appeal). Petitioner has not established cause to excuse the procedural default, but even if he could, Petitioner's *Miranda* claims would fail on the merits because the Court did not err at the suppression hearing stage when it concluded that the interaction was not custodial.[3]

---

[2] Even if Petitioner's Fourth Amendment claims were cognizable on postconviction review, *see Baranski v. United States*, 515 F.3d 857, 860 (8th Cir. 2008) ("conclud[ing] that *Stone* does not bar" Fourth Amendment claims in § 2255 motions), the claims would still be unreviewable here because the First Circuit considered and rejected them on direct appeal, *see Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996), and the arguments lack merit. *See infra* Part E.

[3] For the same reason, to the extent Petitioner intended to assert ineffective assistance of counsel to establish cause to excuse his procedural default of his *Miranda* arguments, he cannot establish deficient performance or prejudice regarding his attorneys' decisions at the suppression hearing or on appeal.

**D.     *Brady* Claim**

While there is no general right to discovery in a criminal case, the suppression of evidence favorable to the defendant violates due process "where the evidence is material either to guilt or punishment," *Brady v. Maryland*, 373 U.S. 83, 87 (1963), a category that includes impeachment evidence of key government witnesses. *Giglio v. United States*, 405 U.S. 150, 154 (1972). "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999).

Because *Brady* and its progeny describe a constitutional right created "as part of its basic 'fair trial' guarantee," and because a guilty plea waives several constitutional rights including a defendant's right to a fair trial, "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *United States v. Ruiz*, 536 U.S. 622, 628, 633 (2002). "*Ruiz* teaches that *Brady* does not protect against the possible prejudice that may ensue from the loss of an opportunity to plea-bargain with complete knowledge of all relevant facts. This makes good sense: when a defendant chooses to admit his guilt, *Brady* concerns subside." *United States v. Mathur*, 624 F.3d 498, 507 (1st Cir. 2010).

In support of his *Brady* claim, Petitioner cites the Government's failure to produce the audio recording of his conversation with law enforcement officers and Petitioner also challenges the chain of custody of the recording. The recording, however, was introduced

8

at the suppression hearing and therefore was not suppressed by the Government. Petitioner has not provided any reason to doubt the authenticity of the recording. Because Petitioner voluntarily pled guilty to the offense well in advance of trial, and because Petitioner has not identified any materially exonerating or impeaching evidence, his *Brady* claim fails.

### E.   Ineffective Assistance of Counsel Claims

Petitioner argues his attorney provided ineffective assistance at the suppression stage by failing to make certain arguments about his father's lack of consent when law enforcement arrived to interview Petitioner and the failure to present to the Court certain precedent, such as *Georgia v. Randolph*, 547 U.S. 103 (2006), and *Fernandez v. California*, 571 U.S. 292 (2014). The arguments and cases, however, would not have produced a different result on the motion to suppress.

In the cases Petitioner cites, the Supreme Court considered the circumstances in which law enforcement could reasonably enter a home based on the consent of a defendant's co-occupant despite objections from the defendant. *See Randolph*, 547 U.S. at 106 ("The question here is whether such an evidentiary seizure is likewise lawful with the permission of one occupant when the other, who later seeks to suppress the evidence, is present at the scene and expressly refuses to consent"); *Fernandez*, 571 U.S. at 294 ("We therefore refuse to extend *Randolph* to the very different situation in this case" where consent was provided by the physically present co-occupant well after the defendant, who had previously refused to permit entry, had been removed from the apartment they shared). *Randolph* and *Fernandez* are inapplicable here because Petitioner's case represents a much different fact pattern: Petitioner's co-occupant objected to the police presence, but

9

Petitioner voluntarily spoke with police and gave them permission to enter the home. *See also*, *Randolph*, 547 U.S. at 106, ("a physically present co-occupant's stated refusal to permit entry prevails, rendering the warrantless search unreasonable and invalid *as to him*") (emphasis added); *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (the inquiry is "whether a defendant is able to show the violation of his (and not someone else's) Fourth Amendment rights").[4]

Petitioner claims his attorney was ineffective for failing to investigate the authenticity and chain of custody of the recording, for failing to object to the introduction of the recording at the suppression hearing based on authenticity and chain of custody challenges, and for failing to object to the introduction of other evidence, such as the recording transcript and a satellite photograph of the area. Petitioner provides no basis to conclude that any additional investigation or objections regarding the authenticity or admissibility of the evidence would have been successful. Even if the Court were to assume that one or all of the challenges might have succeeded, there is no reasonable likelihood that individually or collectively the challenges would have produced a different result given the other evidence, including the testimony of the three law enforcement personnel.

Petitioner also asserts his attorney was deficient for failing to call Petitioner's parents to testify at the suppression hearing. Petitioner does not detail the substance of

---

[4] The First Circuit also explained this distinction during Petitioner's direct appeal. *Mumme*, 985 F.3d at 39 n.7, 41. Petitioner cannot establish deficient performance or prejudice from his attorney's alleged failure to raise the issues at the suppression stage when the First Circuit subsequently considered and rejected the very same Fourth Amendment arguments on appeal.

10

their expected testimony or explain how such testimony would have led to a different result on the motion to suppress. In other words, Petitioner provides no basis to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and sound strategy. *Strickland*, 466 U.S. at 689.

In sum, Petitioner has not established that his attorney provided deficient performance or that he was prejudiced by his attorney's decisions, and Petitioner is not entitled to postconviction relief.[5]

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motions for habeas relief under 28 U.S.C. § 2255 and dismiss Petitioner's motions. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

---

[5] To the extent that Petitioner intended or attempted to raise additional grounds for relief, the grounds were not developed and otherwise lack merit.

(14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                       /s/ John C. Nivison
                                        U.S. Magistrate Judge

Dated this 23rd day of November, 2021.