UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RYAN MUMME,                          )
                                     )
          Petitioner                 )
                                     )
    v.                               )        1:17-cr-00171-NT
                                     )        1:21-cv-00183-NT
UNITED STATES OF AMERICA,            )
                                     )
          Respondent                 )

**ORDER ON PETITIONER'S MOTION TO RECUSE**

Petitioner seeks my recusal in this matter.[1] (Motion, ECF No. 171.) Petitioner evidently contends recusal is required because my assessment of his request for habeas relief reflects a bias in favor of the Government. I discern no basis for recusal and deny the motion.

**DISCUSSION**

By law, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under 28 U.S.C. §§ 144 and 455, which govern recusal on a motion by a party, "there are two possible grounds for a judge's disqualification: (1) the judge's impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party." *United States v. Kelly*, 712 F.2d 884, 889 (1st Cir. 1983) (citations omitted). "The proper test … is whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning

---

[1] In the same motion, Petitioner moved for the recusal of the District Judge assigned to the case. The District Judge denied the motion. (Order, ECF No. 178.)

the judge's impartiality, not in the mind of the judge [] or even necessarily in the mind of the litigant filing the motion …, but rather in the mind of the reasonable [person]." *Panzardi-Alvarez v. United States*, 879 F.2d 975, 983 (1st Cir. 1989) (quoting *United States v. Cowden*, 554 F.2d 257, 265 (1st Cir. 1976)).

In support of his request for recusal, Petitioner cites other habeas decisions in which I used similar or the same language as I used in the assessment of Petitioner's claims.  The legal standards that govern a court's review of habeas complaints are the same or similar in most cases.  For instance, many habeas petitioners, including Petitioner, cite ineffective assistance of counsel as a basis for relief.  The same legal principles govern my assessment of such a claim even though the facts differ from case to case.  While I might use the same or similar language when describing some of the applicable legal standards, the decisions reflect that I assess the applicable law and facts in each case.  Contrary to Petitioner's contention, neither my prior habeas decisions nor my decision in his case demonstrates a bias in favor of the Government.

The impartiality of a judge is essential to the judicial process, and recusal is necessary when the impartiality "might reasonably be questioned."  *In re United States*, 441 F.3d 44, 67 (1st Cir. 2006) (citation and internal quotation marks omitted).  In evaluating a motion for recusal, however, a "judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *Id*.  Here, the record lacks any objective basis for recusal.

## CONCLUSION

Based on the foregoing analysis, I deny Petitioner's request for my recusal.

2

## NOTICE

Any objections to his order shall be filed in accordance with Federal Rule of Criminal Procedure 59 and Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of February, 2022.